## COMMERCIAL BANK *v.* ROCHESTER.

Where the court perceives from the pleadings themselves that a case may have been decided on the form of remedy which the practice in the State courts required the plaintiff to adopt, or on the technical insufficiency of the pleading—and especially where it perceives this more plainly from reported decisions in the State courts—jurisdiction of the case will not be entertained under the 25th section of the Judiciary Act, though the court can also perceive that the case *might* have been decided on grounds which would have brought it within that section, and which, therefore, would have given to the court jurisdiction.

ERROR to the Supreme Court of the State of New York.

The Commercial Bank of Rochester brought suit in one of the State courts of New York against the city of Rochester, to recover a tax which the said city had levied and collected on $100,000 of the capital of the bank, which was invested in the bonds of the United States. The petition set out the bank's ownership of these bonds; the incorporation of the

---

* Quoted *supra*, p. 637.—REP.

city of Rochester by the State of New York, with power to assess and levy taxes on property not exempt from assessment and levy; the appointment of assessors by the city; the assessment and levy by them of the tax; the bank's representation to the assessors that the bonds, being parts of several loans to the Federal government, were exempt from taxation and ought not to be assessed as part of the bank's capital, and that the bank insisted upon this position; that moreover it had showed to the assessors what the property of the bank which could be lawfully assessed was; but that the assessors disregarding the right of the bank refused to remit any part of the assessment; and that the money assessed and levied on the said bonds was finally paid only under order of the city to the assessors to demand it, and under compulsion and protest.

The petition prayed for a judgment for the amount thus paid.

To this petition a demurrer was interposed; the only ground of it being this general one, "that the complaint did not state facts sufficient to constitute a cause of action."

On these pleadings, the Court of Appeals of New York adjudged that the demurrer was well taken.

From that judgment the case was brought here by the bank, on an assumption by it that the court below had *necessarily* decided that the tax assessed and levied by the city was lawfully levied, though assessed and levied on bonds of the United States; and therefore (the city and its assessors deriving their powers from the State), that the case fell within the 25th section of the Judiciary Act, one section of which gives a writ of error from this court to the highest court of a State, "where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of such their validity."

There was no assignment of errors in the record of the proceedings in any of the courts below.

A question of jurisdiction being suggested, and whether

any *such* issue had been involved in the pleadings and judgment as necessarily brought the case within the 25th section, it was said in support of the jurisdiction, that the action of the assessors under a State law, the ownership by the bank of the Federal stocks, the assessment and levy, as well as the unlawfulness of both, being all set forth, together with the fact of payment on compulsion and protest, and the decision by the highest court of the State that the levy and assessment were lawful—these being all shown in the pleadings,—the case came plainly within the 25th section, and jurisdiction existed.

To this it was answered that it nowhere at all appeared in the pleadings that the State courts had "decided that the assessment and levy were lawful;" that, contrariwise, it might perfectly well be that on those pleadings the court recognized the unlawfulness of the assessment and levy; and well be that all that the Court of Appeals had decided was that the plaintiff had *mistaken its remedy;* that in point of fact, this, and this only, was what that court had decided, as would be proved by a reference to the report of the case;* and that as appeared by numerous decisions in New York,† an action to recover back money paid was not the proper remedy, but that the action of the assessors—they having jurisdiction of the person and subject-matter—being of a judicial character, was conclusive until reversed by mandamus, certiorari, or other proper proceedings.

*Mr. Theodore Bacon, for the plaintiff in error; Mr. G. W. Miller, contra.*

Mr. Justice MILLER delivered the opinion of the court.

As the demurrer does not point out any special defect in the petition, and as there is no assignment of errors in the record of the proceedings in any of the State courts, we

---

* 42 Barbour's Supreme Court, 488.

† The People *v.* The Glen's Falls Insurance Co., 11 Tiffany (38 New York), 89; The People *v.* The Assessors of Brooklyn, 39 Id. 81; Barhyt *v.* Sheperd, 35 Id. 255; Swift *v.* City of Poughkeepsie, 37 Id. 511.

find great difficulty in ascertaining the ground on which the Court of Appeals decided the case.

It has been so often held by this court, that the question on which the plaintiff in error relies to give it jurisdiction, must appear to have been decided by the State court, that it has become one of the settled principles on that subject.

It is said in this case that the court *must* have decided in favor of the validity of the tax, which it is conceded would have given this court jurisdiction. But this does not appear either affirmatively or by necessary intendment. For the case may have been decided on the form of the remedy which the practice in the State courts required the plaintiff to adopt, or on the technical insufficiency of the pleading.

In this uncertainty of the record as an indication, we might, without going further, dismiss the case on that ground. But we are referred to decisions in the State court which hold that the remedy for illegal or excessive assessment is by *certiorari*, issued in that proceeding, and that as the modes of reviewing these assessments are in their nature judicial, the judgment is, until reversed or set aside, conclusive.

Undoubtedly the Court of Appeals of New York is the proper tribunal to decide this question, and as one of policy in the embarrassing matter of contesting tax levies, it is within the province of State law; and we are not authorized in this case to say that that court did not decide it correctly, or that it made any decision adverse to the exemption of the securities of the United States from State taxation.

In this respect the case is precisely in principle like that of *The Insurance Co.* v. *The Treasurer.** It is accordingly

DISMISSED FOR WANT OF JURISDICTION.

---

\* 11 Wallace, 204.